**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10114 |
| Plaintiff - Appellee, | D.C. No. 1:07-CR-00024-1 |
| v. | |
| WEI QIN SUN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief District Judge, Presiding

Submitted October 12, 2010[**]
Honolulu, Hawaii

Before: HAWKINS, McKEOWN and RAWLINSON, Circuit Judges.

Wei Qin Sun, a Chinese citizen, employed prostitutes at Phoenix Karaoke,

Sun's bar on the island of Saipan in the Commonwealth of the Northern Mariana

Islands ("CNMI"). During a trip back to China, Sun told Xiu Lan Lin that Sun had

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

"opened a bar in Saipan" and needed waitresses to work there—and that waitresses could earn much more in Saipan than in China. Lin then paid Sun about $5,200 in order to enter Saipan and work at Phoenix Karaoke. Upon arriving in Saipan, Lin discovered that Sun expected her to work as a prostitute and refused to do so, eventually contacting the FBI.

Sun was convicted of violations of 18 U.S.C. §§ 2422(a), 2314, and 371. On appeal, Sun argues that the district court lacked jurisdiction to hear her case because its judges do not enjoy the protections listed in Article III, § 1 of the United States Constitution. Congress may create courts pursuant to its Article IV power "to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States," U.S. Const. art. IV, § 3, cl. 2, and in so doing, Congress is not bound by the strictures of Article III. See McAllister v. United States, 141 U.S. 174, 186-88 (1891). Such Article IV courts are empowered to hear criminal cases. See Palmore v. United States, 411 U.S. 389, 402-03 (1973). And it is settled that the District Court for the Northern Mariana Islands is an Article IV court. Nguyen v. United States, 539 U.S. 69, 72-73 (2003). Accordingly, the district court had jurisdiction to hear this case.

Sun further contends that the evidence at trial was insufficient to sustain a conviction on any of the charged offenses. Sun argues that there was no evidence

2

to show that she "persuade[d], induce[d], entice[d], or coerce[d]" Lin to travel to Saipan. See 18 U.S.C. § 2422(a). This statutory language, however, "merely requires that [Sun] have convinced or influenced [Lin] to actually undergo the journey, or made the possibility more appealing." United States v. Rashkovski, 301 F.3d 1133, 1137 (9th Cir. 2002). The evidence at trial satisfies this test: in particular, Sun's representations about the salaries of waitresses in Saipan were central to Lin's decision to move.

Sun also argues that there was insufficient evidence to show that she possessed an "intent to defraud" Lin. See 18 U.S.C. § 2314. But Sun admitted that she did not fully explain the nature of the work to Lin while in China. A reasonable jury could therefore conclude that Sun intentionally withheld the nature of her business from Lin until Lin moved to Saipan. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Finally, Sun claims that her conspiracy conviction must be overturned. Because Leung Min Hu kept Sun's payroll, however, the jury could infer that Hu knew the true nature of Sun's business. Moreover, both Sun's overarching agreement with Hu regarding imported laborers and Sun's more specific agreement to pay Hu to list Lin as a Saite employee provide a sufficient basis from which the jury could reasonably infer that Hu knew Sun was charging Lin the fee to travel to

3

Saipan. See United States v. Wright, 215 F.3d 1020, 1028 (9th Cir. 2000) (holding

that "[k]nowledge of the objective of the conspiracy" can be shown using

"circumstantial evidence and the inferences drawn from that evidence").

**AFFIRMED**.